# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR, VEXATIOUS LITIGANT,<br><br>Plaintiff,<br><br>v.<br><br>MONAE, et al.,<br><br>Defendants. | Case No. 1:19-cv-00081-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Docs. 1, 5)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Brandon Alexander Favor, is a state prisoner who has been designated a vexatious litigant and is proceeding *pro se*. Plaintiff filed this civil action under 28 U.S.C. § 13423(a) and 42 U.S.C. § 1983 on January 17, 2019. Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on February 21, 2019. (Doc. 5.) Plaintiff's application should be **DENIED** since Plaintiff has three strikes under § 1915 and the allegations fail to show that he is in imminent danger of serious physical injury. Generally, denial of *in forma pauperis* status results in dismissal without prejudice to refiling upon prepayment of the filing fee. However, this action should be dismissed with prejudice as barred by the statute of limitation because it is based on events that occurred in 2003, 2004, 2005, and 2013. (*See* Doc. 1, pp. 5, 8, 16.)

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner

1

bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III. DISCUSSION

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of three of Plaintiff's prior actions:[1] *Favor v. Rome, et al.,* 1:15-cv-01865-LJO-EPG, which was dismissed on November 22, 2016 for failure to state a claim; *Favor-El v. United States of America, et al.,* 2:15-cv-01448-GEB-AC, which was dismissed on October 22, 2015 as frivolous; and *Favor-El v. Rihanna, et al.,* 2:15-cv-09502-JGB-JEM, which was dismissed on December 16, 2015 as frivolous, malicious, and for failure to state a claim. Plaintiff is therefore subject to 28 U.S.C. § 1915(g), and is precluded from proceeding *in forma pauperis* unless he can demonstrate that at the time he filed this action, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff filed this action on January 17, 2019, but sets forth allegations based on events that occurred in 2003, 2004, 2005, and 2013. (*See* Doc. 1, pp. 5, 8, 16.) There is simply no basis to find that events which occurred more than six years ago presented an imminent danger of serious physical injury at the time Plaintiff filed suit. *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action.

This action should also be dismissed with prejudice as barred by the statute of limitations. The applicable statute of limitations begins to run upon accrual of the plaintiff's claims, i.e.-- when the plaintiff knows or has reason to know of the injury that is the basis of the action,

---

[1] It is noteworthy that Plaintiff has been deemed a vexatious litigant, has filed forty-one (41) actions in this district alone, and has filed numerous other actions in the other district courts in this state. Plaintiff has also filed actions under the surnames "Favor" and "Favor-El."

*Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is generally the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). The statute of limitations period for section 1983 actions are determined in accordance with the forum state's limitations period for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Although the term of Plaintiff's sentence is not known, the limitations period for his claims would not be different if he were serving a term of life with the possibility of parole, as that is considered a term of less than life. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998). Further, in California "[l]imitations are tolled during period of imprisonment of persons sentenced to life imprisonment." Cal. Civ. Proc. Code § 352.1, note (West Ann. 2017) (2. Construction and application) (citing *Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601 (1968) (reversed dismissal on demurrer based on statute of limitations of action brought by inmate sentenced to a life term roughly nine years after precipitating incident,)); *see also Brooks v. Mercy Hosp.*, 1 Cal.App.5th 1, 6-7 (2016) (finding ". . . *Grasso* remains good law.") Thus, without knowing Plaintiff's sentence, he had a minimum of four years from the date of the events at issue to file suit. Because this action is based on events that occurred in 2003, 2004, 2005, and 2013, it is barred by the statute of limitations and should be dismissed with prejudice.

**IV.      CONCLUSION and RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis*, filed on February 21, 2019, (Doc. 5), be denied and this action be dismissed with prejudice because it is barred by the statute of limitations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in the waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2019**　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE